UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE PAVERS AND ROAD BUILDERS DISTRICT COUNCIL WELFARE, PENSION, ANNUITY AND APPRENTICESHIP, SKILL IMPROVEMENT AND SAFETY FUNDS,<br><br>Plaintiffs,<br><br>-against-<br><br>BAR-MAC CONSTRUCTION, INC.,<br><br>Defendant. | 14 Civ.<br><br><br><br><br><br>**COMPLAINT** |

Plaintiffs, by their attorneys, Virginia & Ambinder, LLP, allege as follows:

## NATURE OF THE ACTION

1.      This is a civil action under sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3) and 1145, and section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to collect delinquent employer contributions to a group of employee benefit plans.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 185 and 1132(e)(1).

3.      Venue is proper in this judicial district pursuant to 29 U.S.C. §§ 185(a) and 1132(e)(2).

## THE PARTIES

4.     Plaintiffs Trustees of the Pavers and Road Builders District Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Safety Funds (hereinafter "Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA").  The Funds maintain their principal place of business at 136-25 37th Avenue, Flushing, New York 11354.

5.     Upon information and belief, defendant BAR-MAC CONSTRUCTION, INC. ("BAR-MAC") is a corporation incorporated under the laws of the State of New Jersey, with its principal place of business at 140 Smith Street, Keasbey NJ 08832, engaged in the construction business.

## BACKGROUND

6.     At relevant times herein, BAR-MAC was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "Agreement") with the Highway, Road and Street Construction Laborers Local Union 1010 (the "Union").

7.     The Union is a labor organization that represents employees in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142.

8.     The Agreement requires BAR-MAC to contribute to the Funds and related entities on behalf of which they act as collection agents on or before the 35th day after the close of a calendar month in amounts determined by multiplying specified hourly

contribution rates by the number of hours of employment of BAR-MAC employees within the trade and geographical jurisdiction of the Union ("Covered Work").

9.     The Agreement provides that if the Benefit Funds conduct a payroll audit which reveals unreported and delinquent benefit contributions, the employer is liable for the cost of the audit.

10.     Section 301 of the LMRA, 29 U.S.C. § 185, authorizes this Court to enforce the Agreement.  In addition, section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."  29 U.S.C. § 1145.

## FIRST CLAIM FOR RELIEF

11.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 10 hereof.

12.     A payroll audit of BAR-MAC's Books and records was completed covering the period of March 26, 2012 through July 31, 2013.  The audit revealed that BAR-MAC owed the Funds delinquent contributions in the amount of $92,874.23 in connection with Covered Work performed by its employees during the period March 26, 2012 through July 31, 2013 and audit fees of $1,699.

13.     BAR-MAC also owes interest for previous late payments of contributions in the amount of $823.89.

14.     No part of said sum has been paid by BAR-MAC although duly demanded, and by reason thereof the Benefit Funds have been damaged in said amounts.

15.     Pursuant to the Agreement, if an employer fails to pay fringe benefits when due, the employer is liable to the Funds for interest on the amount of unpaid fringe benefits at an annual rate of 10%.

16.     Pursuant to the Agreement, in the event the Trustees are required to employ an attorney to collect the fringe benefits due and owing, BAR-MAC is obligated to pay to the Funds its attorneys' fees.

17.     The Agreement provides, *inter alia*, "The Employer is bound by all of the terms and conditions of the Agreements and Declarations of Trust with respect to the Welfare Fund, Pension Fund, Training Fund and Annuity Fund, which Agreements and Declaration of Trusts are hereby made part of this Agreement and are incorporated herein."

18.     The Trust agreements provide that in operating and administering the Fund, the Board of Trustees shall have the power to "establish the policy and rules pursuant to which this Agreement and Plan are to be operated and administered, including the rules relating to the collection of contributions and other payments."

19.     Pursuant to the Trust agreements, the Trustees of the Funds have promulgated a Policy for Collection of Delinquent Fringe Benefit Contributions ("Collection Policy").  Accordingly, BAR-MAC is bound to the terms of the Collection Policy.

20.     Article II of the Collection Policy provides that if BAR-MAC fails to make contributions when due, BAR-MAC is liable to the Funds for liquidated damages of 20% of the amount of the unpaid contributions.

21.     By reason of the foregoing, BAR-MAC is liable to the Trustees in the amount of $92,874.23 on the audit covering the period March 26, 2012 through July 31, 2013, audit fees of $1,699, interest for previous late payments of contributions of $823.89, interest on the amount of unpaid Fringe Benefits at an annual rate of 10%, liquidated damages in the amount of 20% of the amount adjudged to be due and owing, and attorneys' fees.

## SECOND CLAIM FOR RELIEF

22.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 21 hereof.

23.     Section 515 of ERISA requires employers to make contributions to a multiemployer plan under the terms of a collective bargaining agreement.  29 U.S.C. § 1145.

24.     Each of the Benefit Funds is a "multiemployer plan" as that term is used in Section 515 of ERISA.

25.     BAR-MAC is an "employer" as that term is used in Section 515 of ERISA.

26.     BAR-MAC has failed to pay Fringe Benefits to the Benefit Funds pursuant to the Agreement in the amount of $92,874.23 on the audit covering the period March 26, 2012 through July 31, 2013, audit fees of $1,699, and interest for previous late payments of contributions of $823.89 in violation of Section 515 of ERISA.

27.     Section 502(g) of ERISA provides that upon a finding of an employer violation of Section 515 of ERISA, the Court shall award to the plaintiff the unpaid benefit contributions, interest on the unpaid contributions, liquidated damages, and attorneys' fees and costs and disbursements incurred in the action.

28.     By reason of the foregoing, BAR-MAC is liable to the Benefit Funds in the amount of $92,874.23 on the audit covering the period March 26, 2012 through July 31, 2013, audit fees of $1,699, interest for previous late payments of contributions of $823.89, and for additional amounts to be determined by the Court for statutory damages, reasonable attorneys' fees, interest on the unpaid principal, and costs and disbursements incurred in this action.

WHEREFORE, plaintiffs respectfully request judgment:

(1)     on their First Claim for Relief against BAR-MAC, in the amount of $92,874.23 for Covered Work performed by its employees during the period March 26, 2012 through July 31, 2013, audit fees of $1,699, as per the payroll audit, interest for previous late payments of contributions of $823.89, interest on the unpaid Fringe Benefits at an annual rate of 10%, liquidated damages in the amount of 20% of the amount adjudged to be due and owing, and attorneys' fees;

(2)     on their Second Claim for Relief against BAR-MAC, in the amount of $92,874.23 for Covered Work performed by its employees during the period March 26, 2012 through July 31, 2013 and audit fees of $1,699, as per the payroll audit, interest for previous late payments of contributions of $823.89, interest on the unpaid Fringe Benefits, statutory damages, attorneys' fees and costs and disbursements of this action pursuant to 29 U.S.C. § 1132(g); and

(3)     granting such other and further relief as the Court may deem just

and proper.

Dated: New York, New York
       January 7, 2014

                              VIRGINIA & AMBINDER, LLP


                              By:_____/s/_____
                                  Jesse S. Barton, Esq.
                                  Trinity Centre
                                  111 Broadway, Suite 1403
                                  New York, New York 10006
                                  (212) 943-9080
                                  Attorneys for Plaintiffs